EASTERN DIST.
*May,* 1838.

MUNICIPALITY
NO. 2
*vs.*
LAWRENCE ET AL

MUNICIPALITY NUMBER TWO *vs.* LAWRENCE ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The judgment of the District Court, homologating the report of commissioners appointed under the statute of 1832, for opening and widening streets, and the assessment of damages, may be appealed from, by any person interested and making opposition, when the sum in contestation exceeds three hundred dollars.

When the inferior court is called on to exercise a legal discretion and pronounce judgment, the manner in which the case comes before it forms no reason why its judgment should not be reviewed by the appellate court.

This case comes up on the petition of the Second Municipality, of the city of New-Orleans, to the District Court, to have Roffignac-street opened, and praying for the appointment of commissioners under the act of 1832, which provides for opening and widening streets, and which authorizes the district judge to appoint said commissioners, who are required to go upon the premises, to assess and apportion the damages and costs among the different persons owning property in the vicinity; and whose report, when confirmed by the District Court, is to be *final and conclusive* upon all the parties concerned.

Lawrence and several other persons made opposition to the report of the commissioners in this case, which were overruled by the district judge; and Hoffman and Strawbridge, Clark Woodrooff and Marie Joseph, f. w. c., severally prayed an appeal to the Supreme Court, which was allowed.

While these proceedings were going on, proceedings of a similar nature were pending in the District Court, in the matter of Municipality No. 2, in opening and extending Notre Dame-street. An appeal having been prayed from the judgment homologating and confirming the commissioners' report in that case, and the district judge being of opinion it was not an appealable matter, refused to grant the appeal.

EASTERN DIST.
*May*, 1838.

MUNICIPALITY
NO. 2
*vs.*
LAWRENCE ET AL

A mandamus was asked for, and the judge required to show cause why he refused to grant the appeal as prayed for.

The judge showed cause and grounded his defence to the rule, on the *third* section of the act of 1832, in which it is expressly said, " that when a commissioner's report is made it shall be confirmed by the District Court, and such report shall be *final and conclusive*, as well upon the mayor and city council, as upon *all persons* and parties interested, etc." The meaning of these expressions, the judge understood, to exclude the right of appeal ; for if there be right of appeal, the confirmation of the report is not *final and conclusive*, as the law requires.

*Conrad*, of counsel for Municipality No. 2.

*Hoffman, Strawbridge* and *Hoa, contra.*

*Bullard, J.*, delivered the opinion of the court.

In this case a rule having been taken on the judge of the first district, to show cause why an appeal should not be allowed to this court, upon the judgment, overruling certain oppositions to the award of commissioners, and homologating their assessment, it was made absolute, reserving, however, the question raised by the answer of the judge to the rule, whether such appeal will lie in this case, after hearing the parties.·

The proceeding took place under a statute of 1832, which authorizes the appointment of commissioners by the district judge, for the opening or widening of streets, and the assessment and apportionment of damages to persons whose property is taken for public uses, etc., and which provides, that when the report of such commissioners shall have been confirmed by the court, it shall be final and conclusive, as well upon the mayor and city council, as upon all persons and parties interested. The district judge considered those expressions as *ex vi termini*, excluding an appeal to this court.

The only question appears to us to be, whether the proceedings contemplated by the statute be judicial or not, and whether they present in their progress, any question of private right, upon which the court is called on to decide between parties before it; for, if that be the case, and the matter in controversy exceeds three hundred dollars, it is obvious, the legislature is without authority to derogate from the constitutional jurisdiction of the Supreme Court.

EASTERN DIST.
May, 1838.

MUNICIPALITY
NO. 2
vs.
LAWRENCE ET AL

Admitting for the sake of argument, that in naming commissioners at the request of the mayor and council, the judge does not act in his judicial capacity, yet the statute authorizes opposition to be made by parties interested, and the court is called on to pronounce upon such oppositions, and it is only when the assessment of damages has received the sanction of the court, contradictorily with all persons interested, that the report can take effect. In acting upon such opposition ; in inquiring into the correctness of the report, and the regularity of the proceedings ; in deciding, substantially, upon the right of the corporation, to take the property of a citizen for public uses, and upon the nature and extent of indemnity, to which he is entitled ; in pronouncing to what extent the property of other citizens, remotely interested in the widening of a street, may be justly and legally taxed for that purpose, the judge, in our opinion, not only exercises his judicial attributes, but the questions of law and fact he is called on to settle, are of extreme delicacy and importance. Being called on to exercise a legal discretion, no good reason can be perceived why the manner in which he has exercised it, may not be reviewed by the appellate court, at the suit of a party who supposes himself aggrieved. Upon a question merely of debtor and creditor, arising out of contracts, to an amount exceeding three hundred dollars, either party has a constitutional right to have the judgment rendered in the first instance, re-examined in this court ; and we cannot suppose that the convention in establishing the constitution, intended to exempt from the same supervision, the proceedings of the inferior tribunals in relation to the forced alienation of property for the public use, always liable

*The judgment of the District Court, homologating the report of commissioners appointed under the statute of 1832, for opening and widening streets, and the assessment of damages, may be appealed from, by any person interested and making opposition, when the sum in contestation exceeds three hundred dollars.*

*When the inferior court is called on to exercise a legal discretion, and pronounce judgment, the manner in which the case comes before it, forms no reason why its judgment should not be reviewed by the appellate court.*

to abuses, and especially in levying upon individual proprie tors, a local and partial tax, in order to make up the just measure of indemnity.

The appeal is therefore maintained.

On the merits, it has appeared to us that in consequence of the vagueness of the description of property and of designation of the owners interested in the proceedings, and the uncertainty as to the time at which the court would pronounce finally upon the assessment, the parties had not a fair opportunity to urge their objections. Justice, in our opinion, requires that the case should be remanded.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court. be reversed ; and it is further ordered, that the case be remanded for further proceedings according to law ; the appellees paying the costs of the appeal.